UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Kenny Verlus<br><br>Plaintiff,<br><br>V.<br><br>UPGRADE, INC<br><br>Defenant. | Case No.<br><br><br><br>JURY TRIAL DEMANDED. |

# VERIFIED COMPLAINT

Plaintiff, Kenny Verlus ("Plaintiff"), proceeding pro se, brings this Verified Complaint against Defendant, UPGRADE, INC. ("Defendant" or "UPGRADE"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., specifically § 1681s-2(b), and respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, specifically the FCRA, 15 U.S.C. § 1681 et seq., and 15 U.S.C. §§ 1681n and 1681o, which provide for civil liability for willful and negligent noncompliance with the FCRA.

1

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this District, including Plaintiff's residence and the harm caused by Defendant's actions. Plaintiff resides at 20 Walden Square, Apt 511, Cambridge, MA 02140, within this District.

## PARTIES

3. Plaintiff, Kenny Verlus, is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c), residing at 20 Walden Square, Apt 511, Cambridge, MA 02140.

4. Defendant, UPGRADE, INC., is a corporation organized under the laws of Delaware, with its principal place of business at 275 Battery Street, Suite 2300, San Francisco, CA 94111. UPGRADE is a "furnisher" of information to consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681s-2 and is engaged in the business of extending credit and reporting consumer credit information to CRAs, including Experian.

## FACTUAL ALLEGATIONS

5. On or about April 1, 2025, Plaintiff reviewed his Experian consumer credit report and discovered inaccurate information regarding an account furnished by Defendant UPGRADE (the "Account"). The inaccuracies included:

   a. An incorrect date of first delinquency reported as March 2022, whereas the payment history reflected no delinquency until March 2023, constituting impermissible re-aging of the Account in violation of FCRA standards. b. An incorrect charge-off date reported as November 2023, whereas Defendant's own records confirm the charge-off occurred in December 2023.

6. The Experian credit report documenting these inaccuracies is attached hereto as **Exhibit A** and incorporated by reference.

7. The inaccuracies constitute "re-aging," an unlawful practice under the FCRA that misrepresents the timing of delinquencies to prolong their negative impact on Plaintiff's creditworthiness. See *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 148 (4th Cir. 2008) (recognizing re-aging as a violation of FCRA furnisher duties).

8. On or about April 3, 2025, Plaintiff disputed the inaccuracies with Experian via certified mail, clearly identifying the erroneous date of first delinquency

and charge-off date, and requested a reinvestigation pursuant to 15 U.S.C. § 1681i. Plaintiff provided sufficient information to enable Experian to notify Defendant of the dispute as required by 15 U.S.C. § 1681i(a)(2).

9. On or about April 10, 2025, Experian responded to Plaintiff's dispute, stating that the Account information was "Verified" as accurate, indicating that Defendant, upon receiving notice of the dispute from Experian, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b).

10. Following Experian's response, Plaintiff contacted Defendant directly to seek clarification regarding the Account's dates of first delinquency and charge-off. Defendant's response, attached hereto as **Exhibit B** and incorporated by reference, confirmed that it was reporting incorrect information, including the March 2022 delinquency date and November 2023 charge-off date, in contrast to its own records.

11. Defendant's failure to correct the inaccuracies after receiving notice of Plaintiff's dispute demonstrates a willful and/or negligent violation of its duties under 15 U.S.C. § 1681s-2(b), which requires furnishers to:

a. Conduct a reasonable investigation of the disputed information; b. Review all relevant information provided by the CRA; c. Report the results of the investigation to the CRA; and d. Modify, delete, or permanently block the reporting of inaccurate information.

12. Defendant's conduct was not a mere oversight but a systemic failure to comply with FCRA obligations, as evidenced by its confirmation of incorrect reporting in **Exhibit B**. See *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1155 (9th Cir. 2009) (holding furnishers liable for failing to reasonably investigate disputes and correct inaccurate reporting).

13. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages, including:

    a. Denial of credit opportunities, as evidenced by rejection letters attached hereto as **Exhibit C** and incorporated by reference, which hindered Plaintiff's ability to secure financing for essential needs. b. Severe emotional distress and anxiety, necessitating medical treatment and a formal diagnosis of anxiety, as documented in medical records attached hereto as **Exhibit D** and incorporated by reference. c. Financial harm due to increased borrowing costs and lost opportunities caused by the prolonged negative impact of the inaccurate reporting.

14. Defendant's actions were willful, reckless, or, at minimum, negligent, as it knowingly reported false information and failed to correct it despite clear evidence of inaccuracies, warranting statutory and punitive damages under 15 U.S.C. §§ 1681n and 1681o. See *Safeco Ins. Co. of Am. v. Burr*, 551 U.S.

47, 57 (2007) (defining willfulness under the FCRA as reckless disregard of statutory duties).

## CAUSE OF ACTION: VIOLATION OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681s-2(b))

15. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

16. Defendant, as a furnisher of information under the FCRA, received notice of Plaintiff's dispute from Experian pursuant to 15 U.S.C. § 1681i(a)(2) on or about April 3, 2025.

17. Defendant failed to conduct a reasonable investigation of the disputed Account information, as required by 15 U.S.C. § 1681s-2(b)(1)(A), as evidenced by its continued reporting of the incorrect March 2022 delinquency date and November 2023 charge-off date, despite possessing records confirming the accurate dates (**Exhibit B**).

18. Defendant failed to review all relevant information provided by Experian, in violation of 15 U.S.C. § 1681s-2(b)(1)(B), as it did not reconcile its own records with the disputed information.

19. Defendant failed to report the results of a reasonable investigation to Experian or to modify, delete, or block the inaccurate information, in violation of 15 U.S.C. § 1681s-2(b)(1)(C)-(E).

20. Defendant's violations were willful or, at minimum, negligent, as it knowingly furnished inaccurate information and failed to correct it after receiving notice of the dispute, in reckless disregard of its statutory obligations.

21. As a direct result of Defendant's violations, Plaintiff suffered actual damages, including credit denials, financial harm, and severe emotional distress, as well as statutory damages under 15 U.S.C. § 1681n for willful noncompliance.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award actual damages for Plaintiff's financial losses, emotional distress, and medical expenses pursuant to 15 U.S.C. § 1681o;

C. Award statutory damages of $1,000 per violation for Defendant's willful noncompliance pursuant to 15 U.S.C. § 1681n;

D. Award punitive damages to deter Defendant's reckless and willful conduct pursuant to 15 U.S.C. § 1681n;

E. Award Plaintiff's costs pursuant to 15 U.S.C. §§ 1681n and 1681o;

F. Grant injunctive relief ordering Defendant to delete the inaccurate Account information from Plaintiff's credit file and cease reporting it to any CRA;

G. Grant such other and further relief as the Court deems just and proper.

## VERIFICATION

I, Kenny Verlus, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Verified Complaint and know the contents thereof; that the same is true to my own knowledge, except as to matters therein stated on information and belief, and as to those matters, I believe them to be true.

Executed on this 7th day of May, 2025, at Cambridge, Massachusetts.


Kenny Verlus

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

Kenny Verlus

NOTARY ACKNOWLEDGMENT

State of Massachusetts ) ) ss: County of Middlesex )

On this 8th day of May, 2025, before me, a Notary Public in and for said County and State, personally appeared Kenny Verlus, known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the foregoing instrument, and acknowledged that he executed the same for the purposes therein contained.

Witness my hand and official seal.

Notary Public My Commission Expires: _____

[Notary Seal]



GODELIVE SAIDI WABWISSA
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
April 20, 2029

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

Kenny Verlus,

Pro Se

20 Walden Square, Apt 511

Cambridge, MA 02140

kverlus@gmail.com

857-285-0915